# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSHUA J. FLORES,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>AMERICAN EAGLE AIRLINES, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 2:11-cv-00349-KJD-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #3) |

This matter is before the court on Plaintiff's Joshua J. Flores' Application to Proceed *In Forma Pauperis* (Dkt. #3). Plaintiff is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, and submitted a Complaint on March 4, 2011. This proceeding was referred to this court by Local Rule IB 1-9. The court previously denied Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. #1) because Plaintiff had not described his monthly expenses and allowed Plaintiff an opportunity to file a new Application. Plaintiff complied, and the court has reviewed his new Application (Dkt. #3).

**I.    *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a).

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a

court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff did not submit a Complaint. Rather, he seeks to file a motion to vacate and remand an arbitration award entered December 7, 2010, pursuant to Section 10 of the Federal Arbitration Act. Before he can file a motion to vacate and remand, he must first submit a complaint. A complaint is the initial pleading that starts a civil lawsuit and states the basis for a plaintiff's claim and the demand for relief. *See Black's Law Dictionary* (8th ed. 2004). If Plaintiff files a complaint, the court will screen it to determine whether it states a claim upon which relief can be granted. If it states a claim, the court will direct that it be served on Defendant. After Defendant has filed an answer or other responsive pleading, the court will enter a scheduling order to decide the case on the merits. Plaintiff is advised that Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief." *Id.* Additionally, Rule 8(e) states, "Each averment of a pleading shall be simple, concise, and direct." Taken together, these rules emphasize the requirement that pleadings should be clear and brief. Complaints should not be needlessly long, highly repetitive, or rambling. Plaintiff's complaint, therefore, should be limited to a short and plain statement of his claims against Defendant.

/ / /

/ / /

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file Plaintiff's Motion.

4. Plaintiff's Motion is DENIED without prejudice as premature, with leave to file a complaint. Plaintiff will have until **August 22, 2011,** to file a complaint.

5. Plaintiff is expressly cautioned that if he does not timely file a complaint in compliance with this order, this case may be immediately dismissed.

Dated this 20th day of July, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE